**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

James J. Carney
Tracy Carney

    v.                                   Civil No. 15-cv-291-LM
                                            Opinion No. 2016 DNH 017
Town of Weare, et al

## O R D E R

James J. Carney and Tracy Carney bring suit against the
Town of Weare, its elected officials, and several of its police
officers, alleging state and federal claims arising from James's
employment as an officer in the Weare Police Department.
Defendants have moved to dismiss the Carneys' amended complaint
for failure to comply with Federal Rules of Civil Procedure 8
and 12(f).  Plaintiffs object.

### Background

James J. Carney worked as a police officer in various
positions at the Weare Police Department (the "WPD") from
December 1992 through July 1, 2013, which is the date when
Carney alleges the WPD constructively discharged him.  In
response to this alleged discharge and other events that
occurred during his employment, Carney brings federal civil
rights claims and state claims against 14 defendants, including
WPD officers, Weare elected officials, and the Town of Weare.

In addition, Tracy Carney, James's wife, brings a claim against defendants for loss of consortium.

The Carneys' claims are premised on three central allegations: (1) that defendants harmed Carney by propagating false statements about him; (2) that defendants sexually harassed Carney and retaliated against him for reporting that harassment; and (3) that defendants violated Carney's constitutional rights and created an intolerable work environment for him during an investigation into his alleged misconduct.

The Carneys originally brought these allegations in a complaint filed in state court that was 71 pages long and contained 482 paragraphs.  A subset of defendants removed the action to this court.  Meanwhile, counsel for defendants asked the Carneys' counsel to consider amending the original complaint because of its length, its inclusion of extraneous matter, and its references to personnel files and WPD internal investigations.

In response to defendants' counsel's request, the Carneys filed a First Amended Complaint (doc. 7) on September 24, 2015. The First Amended Complaint (referred to herein as the "Amended Complaint") is 58 pages long[2] and contains 427 paragraphs.

_____

[2] The Amended Complaint contains a blank 59th page.

2

Defendants' counsel again asked the Carneys' counsel to consider revising the Amended Complaint because of its length and because it still contained several allegations that referenced information from internal investigations.  The Carneys' counsel denied that request.  This motion followed.

## Discussion

Defendants move to dismiss the Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8, which requires that a pleading set forth a "short and plain statement" of a claim for relief.  Defendants also move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(f) because, they contend, many of its allegations are immaterial or confidential.  The Carneys object, arguing that the allegations in the Amended Complaint are relevant, and as such, neither the Amended Complaint nor any of its allegations is improper.

### I.  12(f) Motion to Strike

Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendants do not move to strike material from the Amended Complaint, but instead move to dismiss the entire complaint pursuant to Rule 12(f). Rule 12(f), however, "is neither an authorized nor a proper way

to procure the dismissal of all or a part of a complaint."
Bryan Corp. v. ChemWerth, Inc., 911 F. Supp. 2d 103, 105 n.1 (D.
Mass. 2012) (internal quotations omitted).[3]  Accordingly, the
court will treat the portion of defendants' motion to dismiss
that is based on Rule 12(f) as a motion to strike.  Option
Wireless, Ltd. v. OpenPeak, Inc., No. 12-80165-CIV, 2012 WL
6045936, at *2 n.4 (S.D. Fla. Dec. 5, 2012) ("[T]he Court may
treat [an] improperly labeled motion to dismiss as a motion to
strike if it chooses.").

Courts have "considerable discretion" to strike material
under Rule 12(f).  Alvarado-Morales v. Digital Equip. Corp., 843
F.2d 613, 618 (1st Cir. 1988).[4]  However, Rule 12(f) "motions are
narrow in scope, disfavored in practice, and not calculated

---

[3] See also Scherer v. Steel Creek Prop. Owners Ass'n, No.
1:13-CV-121, 2014 WL 813824, at *1 (W.D.N.C. Mar. 3, 2014)
(holding that striking an entire complaint "is not the proper
remedy under Rule 12(f)").

[4] In their objection, the Carneys argue that the standard
under Rule 12(f) must be informed by the nature of the action,
specifically, here, the necessity of pleading a municipal custom
or policy that would support municipal liability under 42 U.S.C.
§ 1983.  See Rodriguez v. Municipality of San Juan, 659 F.3d
168, 181 (1st Cir. 2011) ("Liability only attaches where the
municipality causes the deprivation through an official policy
or custom.") (internal quotations and citations omitted).  The
Carneys, however, do not specify in their objection what custom
or policy they are alleging in the Amended Complaint, or why
alleging that policy or custom necessitates the inclusion of
otherwise redundant, immaterial, impertinent, or scandalous
allegations.

readily to invoke the court's discretion." Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) (quoting Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985)).  That is because "striking a portion of a pleading is a drastic remedy and it is often sought by the movant simply as a dilatory or harassing tactic." Id. (internal quotations omitted).  As the moving party, defendants bear the burden of showing that the allegations should be struck under Rule 12(f). Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H. 1998).

Defendants make two separate arguments with respect to Rule 12(f).  First, defendants cite a number of allegations that contain information they claim Carney learned while conducting WPD investigations.  Defendants argue that these allegations are improper because they contain information that is confidential under N.H. Rev. Stat. Ann. § 516:36, II ("RSA 516:36, II"), which prohibits the admission in most civil actions of evidence related to internal police investigations.  Second, defendants argue that the complaint is "rife with allegations" that are immaterial and designed to embarrass individual defendants.  The Carneys, on the other hand, contend that the allegations in the Amended Complaint are relevant and that RSA 516:36, II is inapplicable.

A.  <u>RSA 516:36, II</u>

RSA 516:36, II provides in pertinent part that:

> All records, reports, letters, memoranda, and other
> documents relating to any internal investigation into
> the conduct of any officer . . . of any . . .
> municipal law enforcement agency  . . . shall not be
> admissible in any civil action other than in a
> disciplinary action between the agency and its
> officers, agents, or employees.

Defendants cite multiple allegations in the Amended Complaint
that they claim contain personnel information that is
confidential under RSA 516:36, II and should be struck under
Rule 12(f).  In response, the Carneys argue that RSA 516:36, II
does not apply to allegations made in complaints or to federal
civil rights actions.

RSA 516:36, II is an evidentiary rule concerning the
admissibility of certain "records, reports, letters, memoranda,
and other documents."  The Amended Complaint contains 427
paragraphs of allegations.  There are no allegations in the
Amended Complaint that reproduce or reference documents from WPD
internal investigations.  RSA 516:36, II, by its terms, does not
apply here.  Whether the Carneys may introduce at trial the
kinds of confidential documents described in RSA 516:36, II is a
question for another day.

Defendants concede that the literal terms of RSA 516:36, II
may not apply here, acknowledging that the "references to

information arising from investigations" might not violate "the letter of the statute." Doc. 8 at 4-5.  Instead, defendants contend that the court should strike the cited allegations because they "violate[] the spirit" of RSA 516:36, II.  Id.  The court disagrees.  Assuming for the sake of argument that RSA 516:36, II applies in this federal action, the potential inadmissibility of the cited allegations does not provide a basis for striking them from the Amended Complaint.

As a number of courts have held, it is improper to raise evidentiary questions, such as those concerning admissibility and relevance, in Rule 12(f) motions.[6]  That is because "questions such as relevancy and admissibility . . . generally require the context of an ongoing and unfolding trial in which to be properly decided." Vite Techs., LLC v. Smith & Nephew, Inc., No. 14-1507-SLR, 2015 WL 4486785, at *1 (D. Del. July 23, 2015) (quoting Lipsky v. Commonwealth United Corp., 551 F.2d

_____

[6] See e.g., Gallagher v. Funeral Source One Supply & Equip. Co., No. 14-CV-115-PB, 2015 WL 773737, at *3 n.2 (D.N.H. Feb. 24, 2015) ("[T]he majority of courts that have addressed the question [conclude] that Rule 12(f) does not permit allegations in a complaint or counterclaim to be stricken solely because they are based on potentially inadmissible evidence."); Tolar v. Cummings, No. 2:13-CV-00132-JEO, 2014 WL 3974671, at *6 (N.D. Ala. Aug. 11, 2014) ("[C]ourts generally hesitate to strike allegations in a pleading based on arguments at the threshold of the action that evidence of pled circumstances would not be admissible at trial . . . .").

887, 893 (2d. Cir. 1976)).  That is particularly true here
because the Carneys insist that the personnel information came
from independent sources, which is a dispute that cannot be
decided on the pleadings alone.  Therefore, RSA 516:36, II
provides no basis for striking the personnel information from
the Amended Complaint.

### B.  Immaterial Allegations

To show that matter is immaterial, defendants must
demonstrate that it has "no essential or important relationship
to the claim for relief or the defenses being plead[ed]."
Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 967 (9th Cir.
2014).  Defendants assert that the Amended Complaint is "rife
with" immaterial allegations, but they fail to identify which
specific allegations are immaterial and why.  Thus, defendants
have failed to meet their burden under Rule 12(f), and the court
will not strike any allegations from the Amended Complaint on
immateriality grounds.

The court notes, however, that a number of the allegations
in the Amended Complaint do appear immaterial under Rule 12(f).
Although courts may strike matter under Rule 12(f) on their own
motion, see Fed. R. Civ. P 12(f)(1), the court declines to do so
here given the disfavored status of that remedy.  Further, as
discussed below, the court is dismissing the Amended Complaint

without prejudice for failing to comply with Rule 8.  Should the
Carneys file an amended pleading, the court expects that they
will excise any immaterial allegations to ensure that the new
pleading complies with Rule 8. See Minahan v. Town of E.
Longmeadow, No. 12-30203-MAP, 2014 WL 1652646, at *2 (D. Mass.
Apr. 22, 2014) (noting that Rule 12(f) is a device to reinforce
Rule 8's brevity requirements).

    Accordingly, the court denies defendants' motion to strike.

## II.  Motion to Dismiss

    Rule 8 provides that a complaint "must contain . . . a
short and plain statement of the claim showing that the pleader
is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).[7]  Courts
may dismiss complaints that fail to comply with Rule 8's "short
and plain statement" mandate.  See Kuehl v. F.D.I.C., 8 F.3d
905, 908 (1st Cir. 1993) (affirming dismissal of 43-page
complaint and holding that "[a] district court has the power to

---

[7] The Carneys argue that the Supreme Court's opinion in Bell
Atlantic Corp. v. Twombley, 550 U.S. 544, 569 (2006), which
required plaintiffs to plead enough facts "to state a claim to
relief that is plausible on its face," creates an inherent
conflict with Rule 8's short and plain statement requirement.
That is not so.  As the First Circuit has observed, to plead a
plausible claim for relief under Twombley, plaintiffs need not
"include detailed factual allegations," but only "sufficient
factual matter to state a claim to relief that is plausible on
its face." Goldstein v. Galvin, 719 F.3d 16, 29 (1st Cir.
2013).

dismiss a complaint when a plaintiff fails to comply with . . .
Rule 8(a)(2)'s 'short and plain statement' requirement").

Defendants argue that the Amended Complaint does not comply
with Rule 8 for two principal reasons.  First, defendants argue
that many of the allegations in the Amended Complaint are overly
complex, thereby creating an unreasonable burden for defendants
to answer them.  Second, defendants assert that the Amended
Complaint is unnecessarily long and contains numerous immaterial
allegations, some of which, they contend, are included only to
embarrass certain defendants.

A.   Complexity of Allegations

Although not cited by either party, Federal Rule of Civil
Procedure 10(b) governs the form of paragraphs in a pleading.
Under that rule, each paragraph must be "limited as far as
practicable to a single set of circumstances."  Fed. R. Civ. P.
10(b).  "What constitutes a single set of circumstances will
depend upon the nature of the action and be determined in light
of the basic objective of the rule, which is to insure that the
contents of each paragraph are composed so as to produce a lucid
pleading."  5A Charles Alan Wright et al., Fed. Practice &
Procedure § 1322 (3d ed.).  Defendants argue that they cannot
meaningfully respond to the Amended Complaint because its
paragraphs are too complex and "contain multiple allegations

against multiple defendants." Doc. 8 at 2. In support of this contention, defendants cite a number of paragraphs as examples. In response, the Carneys argue that the cited paragraphs are not overly complex and do not create a burden for defendants to respond.

The court has reviewed the paragraphs that defendants cite. Although most of the paragraphs do contain multiple allegations, the allegations all concern one common nucleus of facts. See, e.g., Amended Complaint at ¶ 88 (several sentence paragraph detailing one conversation). To the extent the paragraphs involve multiple defendants, they contain allegations that those defendants, in concert, engaged in the <u>same</u> wrongdoing. See, e.g., id. at ¶¶ 138-140 (detailing an alleged meeting among several defendants). Had the Carneys broken these allegations into separate paragraphs, the result would be a much longer pleading replete with redundant allegations. Therefore, the court finds that the Amended Complaint's paragraph structure does not provide a basis to dismiss under Rule 8.

B.  <u>Length of Complaint</u>

When assessing whether a pleading complies with Rule 8's short and plain statement requirement, courts should assess "the nature of the action, the relief sought . . . and a number of other pragmatic matters." 5 Charles Alan Wright et al., <u>Fed.</u>

Practice & Procedure § 1217 (3d ed.).  "Although verbosity and
length are not generally sufficient grounds for dismissal,
complaints that are unnecessarily lengthy, repetitive,
convoluted, or otherwise difficult to comprehend may be
dismissed."  See Chalifoux v. Chalifoux, No. 14-CV-136-SM, 2014
WL 1681626, at *1 (D.N.H. Apr. 25, 2014) (quoting United States
ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058–59
(9th Cir. 2011)).  Dismissal is warranted under such
circumstances "because unnecessary length places an unjustified
burden on the court and on the party who must respond to it."
Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc., No. 1:12-
CV-11121, 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014)
(internal quotations omitted).

     After carefully reviewing the Amended Complaint, the court
concludes that it does not comply with Rule 8.  The 58-page and
427 paragraph Amended Complaint is a prolix narrative of events
that occurred during Carney's employment and alleged
termination.  It details minutiae during that period that have
little to no bearing on the core of the claims the Carneys
allege.  Moreover, many of the relevant allegations are repeated
several times.  Far from being a short and plain statement of
the Carneys' claims, the Amended Complaint's length obscures the

true substance of those claims and places an unreasonable burden on the defendants who must respond to it.

In addition, the Amended Complaint contains allegations of misconduct that appear to be included only to embarrass certain defendants.  These allegations involve conduct dissimilar to the core misconduct that the Carneys allege and involve defendants' interactions with unrelated third parties.  For example, the Carneys allege that one defendant had an extramarital affair with a town employee.  See Amended Complaint, at ¶¶ 44-46.  They also allege that the WPD investigated another defendant concerning an affair with a WPD officer's wife, dangerous and unstable off-duty conduct, and inappropriate conduct with members of another police department.  Id. at ¶¶ 51-52.  It is not clear to the court how these types of allegations relate to the claims in the Amended Complaint.[8]

Absent any such relation, these allegations are vulnerable to being struck under Rule 12(f) as "immaterial" or "scandalous."  See, e.g., Phase 3 Tech. & Const., Inc. v. Cole,

---

[8] The Carneys contend that some of the allegations of misconduct are relevant for collateral purposes, such as showing that certain defendants had knowledge of the law governing police discipline.  Assuming that these collateral matters are relevant to this action, the Carneys could (and should) have attempted to allege these facts without including irrelevant and derogatory allegations about defendants' underlying misconduct.

No. 3:15-CV-00107-LRH, 2015 WL 3938579, at *2 (D. Nev. June 26, 2015) (striking allegations of extramarital affair that were immaterial and scandalous); Gauthier v. United States, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *12 (D. Mass. Sept. 2, 2011) ("Material is 'scandalous' under Rule 12(f) if it improperly casts a derogatory light on someone.").[9]  Although Rule 12(f) is not an independent basis for dismissing a pleading, see supra at n.1, the presence of material appearing to flout Rule 12(f) supports the conclusion that the Amended Complaint violates Rule 8.  That is because, "Rule 12(f) is designed to reinforce the requirement in Rule 8[] that pleadings be simple, concise, and direct."  See Minahan, 2014 WL 1652646, at *2.

Accordingly, the court dismisses the Amended Complaint but grants the Carneys leave to file a further amended complaint.

## Conclusion

For the foregoing reasons, the court grants the defendants' motion (doc. no. 8) and dismisses the Amended Complaint without prejudice.  The court grants the Carneys leave to file an

---

[9] See also Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass . . . .").

amended complaint that complies with the Federal Rules of Civil Procedure by February 25, 2016.  In doing so, the Carneys must avoid alleging material that is scandalous or immaterial under Rule 12(f) and shall make good faith efforts to truncate the length of the new complaint.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 26, 2016

cc:   Brian J.S. Cullen, Esq.
      Russell F. Hilliard, Esq.
      Daniel P. Schwarz, Esq.
      Tony F. Soltani, Esq.
      Laura Ann Spector, Esq.